**Order filed August 24, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00765-CV
_____

**ZHAOHONG WU AND YANJING ZHOU, INDIVIDUALLY AND AS NEXT FRIENDS OF K.W. AND E. W., THEIR MINOR CHILDREN,** Appellants

**V.**

**LUMBER LIQUIDATORS, INC. AND WOOD FLOOR ARTISANS, A GENERAL PARTNERSHIP COMPOSED OF VICTOR MARTINEZ-MEDINA, INDIVIDUALLY, AND AMBER LEE MARTINEZ, INDIVIDUALLY,** Appellees

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2016-08354**

## ORDER

Appellants filed a motion to supplement the clerk's record with "Exhibit J" to their response to appellees' summary-judgment motion filed January 20, 2020 and place Exhibit J under seal on appeal. Regarding appellants' request to supplement the clerk's record, we take no action and issue the following guidance, which can also be found on the court's website:

The proper procedure for a party to supplement the clerk's record is by

written request to the trial court clerk—no motion or order is needed in the court of appeals. Motions filed in the court of appeals will not be ruled on by the court. If a party needs to rely on a trial court document that is part of the record below that is not yet part of the clerk's record on appeal, a party should put a copy of the document in the appendix to their brief, with a notation that the official document has been requested from the clerk.

Regarding appellants' request to seal Exhibit J, appellants have not provided this court with a permanent sealing order from the trial court that complies with the requirements of Texas Rule of Civil Procedure 76a that seals the requested documents after the mandatory public notice of the motion to seal and the filing of verified copies of that posted notice with the clerk of the trial court and the clerk of the supreme court. Tex. R. Civ. P. 76a(3). Among other things, Rule 76a requires the sealing order to state, "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made; the specific portions of court records which are to be sealed; and the time period for which the sealed portions of the court records are to be sealed." Tex. R. Civ. P. 76a(6).

Appellants have 10 days from the date of this order to file a motion to seal court records, give notice and file the required verified copies in the trial court and supreme court, and request a hearing on the motion. If the appellants do not comply, then appellees may notify this court and the appeal will be set for submission without the requested supplemental clerk's record. If appellants do comply, the clerk of the trial court is instructed to prepare, certify, and file a supplemental clerk's record containing the motion to seal, required notices, any responses in opposition, and the trial court's order pertaining to Exhibit J to their response to appellees' summary-judgment motion filed January 20, 2020. The clerk of the trial court has 15 days from the date of the trial court's signed sealing order to file the supplemental clerk's record with the clerk of this court.

PER CURIAM

Panel Consists of Justices Jewell, Spain, and Wilson.